UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:13-cr-189-T-33TGW

JOSE ANGEL ANDUJAR
_____/

**ORDER**

This matter is before the Court pursuant to the United States' Motion to Dismiss Third Party Petitioners' Claims (Doc. # 355), filed on July 16, 2014. The deadline for the Third Party Petitioners to respond to the Motion has expired and the Third Party Petitioners failed to file a response. Accordingly, the Court considers the Motion as an unopposed motion.

**I.   Background**

In a multi-defendant indictment, Defendant Jose Angel Andujar was charged with (1) conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846, and (2) aiding and abetting others, to knowingly and intentionally distribute and possess with intent to distribute five kilograms or more of a mixture and

substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2. (Doc. # 75).

The Superseding Indictment also contained forfeiture allegations putting Andujar on notice that, pursuant to 21 U.S.C. § 853, the United States would seek to forfeit any property constituting, or derived from, any proceeds Andujar obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to:

    a. a 2011 Porsche Panamera, bearing Florida license plate number APSN70 and VIN WP0AC2A77BL090221;

    b. a silver-colored pair of silver earrings;

    c. a Cartier Santos 100 watch;

    d. a silver-colored bracelet;

    e. a silver-colored Breitling 1884 men's watch;

    f. a silver-colored ring; and

    g. an iMac computer, Serial Number C02FT0WYDHJP.

(Id. at 3-6).

On October 22, 2013, Andujar pled guilty to Count One of the Superseding Indictment before Magistrate Judge Thomas G. Wilson. (Doc. # 205). Andujar's plea was accepted and Andujar was adjudicated guilty on October 23, 2013. (Doc. # 208).

In his plea agreement, Andujar agreed to forfeit the subject property and admitted that it was derived from proceeds that Andujar obtained, directly or indirectly, as a result of the violation to which Andujar pled guilty. (Doc. # 198 at 6-9). Andujar was sentenced on May 22, 2014, and the Court's judgment incorporated the forfeiture of the subject property into his sentence. (Doc. # 349 at 6-9).

Thereafter, the United States sent direct written notice of forfeiture to all persons known to have, or known to claim, a potential interest in the subject property, including Petitioners Henry Esteban Corniel-Lantigua, Nancy Corniel-Lantigua, and Sasha Sanchez. (Doc. # 350).

On July 8, 2014, Henry Esteban Corniel-Lantigua — Andujar's step-father — filed a *pro se* claim to the 2011 Porsche Panamera, VIN number WP0AC2A77BL090221. (Doc. # 351). Other than identifying the vehicle and providing the claimant's contact information, the claim states only: "I am claiming interest in the forfeited property that was appropriated related to the case above." (Id.).

Nancy Corniel-Lantigua — Andujar's mother — filed two *pro se* claims. (Doc. ## 352, 353). On July 8, 2014, she filed a claim to "1 - A Silver-colored pair of silver ear[r]ings, 2 - A Cartier Santos 100 watch, and a 3 - silver colored

3

necklace." (Doc. # 352). Other than identifying these items and providing her contact information, the claim says only "the following items, removed in [the above-styled case] are my property." (Id.). On July 10, 2014, Ms. Corniel-Lantigua filed a claim to "(1) a silver colored bracelet, (2) a silver colored Breitling 1884 men's watch, and (3) a silver colored ring." (Doc. # 353). Similar to her first claim, in addition to identifying the items claimed and providing her contact information, her second claim says only "I am claiming interest in the Property that was appropriated related to [the above-styled case]." (Id.).

On July 10, 2014, Sasha Sanchez — believed by the United States to be Andujar's girlfriend — filed a *pro se* claim to the iMac computer, serial number C02FT0WYDHJP. (Doc. # 354). Similar to the claim filed by Mr. Corniel-Lantigua, Ms. Sanchez's claim identifies the property claimed, provides her contact information, and states "the following items removed in [the above-styled case] are my property." (Id.).

On July 16, 2014, the United States filed a Motion to Dismiss Third Party Petitioners' Claims. (Doc. # 355). The deadline for Petitioners to file a response in opposition to the Motion was, at the latest, August 4, 2014. As noted, Third Party Petitioners failed to respond to the Motion.

4

Accordingly, the Court considers the United States' Motion unopposed.

## II. **Analysis**

In the Motion, the United States argues that Petitioners' claims should be dismissed because the claims do not meet the technical requirements of 21 U.S.C. § 853(n)(3) and Petitioners have failed to state a claim under 21 U.S.C. § 853(n)(6). (Doc. # 355).

Section 853(n)(3) sets forth the pleading requirements for third-party petitions in ancillary forfeiture proceedings. The statute states, in pertinent part:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).

In addition to the technical pleading requirements, 21 U.S.C. § 853(n)(6) provides that a claim must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any

5

>   right, title, or interest of the defendant at
>   the time of the commission of the acts which gave
>   rise to the forfeiture of the property under this
>   section;
>
>   or
>
>   (B) the petitioner is a bona fide purchaser for value
>   of the right, title, or interest in the property
>   and was at the time of purchase reasonably
>   without cause to believe that the property was
>   subject to forfeiture under this section.

Petitioners have failed to comply with the requirements of 21 U.S.C. §§ 853(n)(3) and (n)(6). First, none of the claims are verified under penalty of perjury. Further, none of the claims state the nature and extent of the Petitioners' right, title, or interest in the property. Additionally, none of the claims state the time or circumstances of the Petitioners' acquisition of the right, title, or interest in the property. Therefore, dismissal of Petitioners' claims is appropriate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The United States' Motion to Dismiss Third Party Petitioners' Claims (Doc. # 355) is **GRANTED.**

(2) The claims of Henry Esteban Corniel-Lantigua (Doc. # 351), Nancy Corniel-Lantigua (Doc. ## 352, 353), and Sasha Sanchez (Doc. # 354) are hereby **DISMISSED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record, and Henry Esteban Corniel-Lantigua, Nancy Corniel-Lantigua, and Sasha Sanchez